[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14137
Non-Argument Calendar

_____

D.C. Docket No. 1:05-cr-00017-ODE-ECS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY MARCEL WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 15, 2018)

Before TJOFLAT, MARCUS and NEWSOM, Circuit Judges.

PER CURIAM:

Henry Marcel Williams appeals his above-guideline 30-month sentence, which was imposed following the revocation of his supervised release. Williams argues that his 30-month sentence, which was 6 months above the high-end of the

Guideline range, was procedurally unreasonable because the court improperly considered the need to promote respect for the law as a factor in imposing its sentence, and substantively unreasonable because the court relied on an improper factor, failed to consider mitigating factors, and failed to provide sufficiently compelling reasons to justify the variance.

We review the sentence imposed upon revocation of supervised release for reasonableness. United States v. Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). Whether a factor considered by the district court in sentencing is impermissible is reviewed de novo. Id. We normally review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation omitted). However, where there was no objection to the procedural reasonableness during sentencing, we review for plain error. United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014). "To preserve an issue for appeal, a general objection or an objection on other grounds will not suffice." United States v. Gallo-Chamorro, 48 F.3d 502, 507 (11th Cir. 1995). To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or

2

public reputation of judicial proceedings.  Id.  For an error to be plain it must be "clear" or "obvious."  United States v. Olano, 507 U.S. 725, 734 (1993).  "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).  Issues raised for the first time in a reply brief are considered abandoned.  United States v. Levy, 379 F.3d 1241, 1244 (11th Cr. 2004).

In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190.  First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [factors listed in 18 U.S.C. § 3553(a)], selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'"  Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).  A district court also commits procedural error by considering an improper § 3553(a) factor.  Vandergrift, 754 F.3d at 1308.

In imposing a sentence upon revocation of supervised release, a court must normally impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2) -- specifically, the need to afford adequate

3

deterrence, protect the public from the defendant's future criminal conduct, and provide the defendant with educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. §§ 3553(a), (a)(2)(B)-(D), 3583(e). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, and the need to provide restitution to any victims. Id. §§ 3553(a)(1), (4)-(7), 3583(e). However, when revocation is mandatory under § 3583(g), the district court is not required to consider the § 3553(a) factors. United States v. Brown, 224 F.3d 1237, 1241 (11th Cir. 2000), abrogated on other grounds by Tapia v. United States, 564 U.S. 319 (2011). Under § 3583(g), revocation is mandatory if the defendant possessed a controlled substance in violation of the standard conditions of supervised release provided in subsection (d), which prohibits unlawful possession of a controlled substance. 18 U.S.C. § 3583(d), (g)(1).

If we conclude that the district court did not procedurally err, we consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," based on the "totality of the circumstances." Pugh, 515 F.3d at 1190 (quotation omitted). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances

4

presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). However, a court may abuse its discretion if it (1) fails to consider relevant factors that are due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing a proper factor unreasonably. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Also, a court's unjustified reliance on any one § 3553(a) factor may be a symptom of an unreasonable sentence. United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006). The party challenging the sentence bears the burden of proving the sentence is unreasonable in light of the totality of the circumstances and the § 3553(a) factors. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

The sentence a district court imposes upon revocation cannot be greater than the maximum sentence authorized under § 3583(e)(3), see 18 U.S.C. § 3583(g), which allows the court, when revoking a term of supervised release, to impose a sentence not greater than five years' imprisonment if the underlying offense was a class A felony, id. § 3583(e)(3). A conviction under § 924(c) for possessing a firearm in relation to a drug trafficking crime is a class A felony because the maximum penalty is life. See id. §§ 924(c)(1)(A)(i), 3559(a)(1) (defining a class A felony as a felony that carries a maximum sentence of life imprisonment); United

5

States v. Pounds, 230 F.3d 1317, 1319 (11th Cir. 2000) ("[E]very conviction under § 924(c)(1)(A) carries with it a statutory maximum sentence of life . . . .").

If the court's sentence deviates from the guidelines range, it must have a "sufficiently compelling" justification to support the degree of the variance. Gall, 552 U.S. at 50. Failure to specifically mention mitigating factors does not, without more, render a sentence unreasonable. See Snipes, 611 F.3d at 873 (affirming sentence as substantively reasonable where the court did not mention mitigating factors at sentencing). A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

For starters, Williams's argument that the district court relied on an impermissible factor in arriving at its sentence is, in part, a procedural reasonableness challenge, see Vandergrift, 754 F.3d at 1310, but at sentencing, Williams objected only to the substantive reasonableness of his sentence. An objection on another ground does not preserve procedural reasonableness for appeal. Gallo-Chamorro, 48 F.3d at 507. Because Williams did not object to the procedural reasonableness of his sentence, we review the procedural reasonableness of his sentence for plain error. Vandergrift, 754 F.3d at 1307.

The district court did not commit plain error by considering an improper factor. Williams admitted, for the purposes of revocation, to unlawfully possessing

a controlled substance in violation of the conditions of his supervised release. By admitting to this violation, revocation was rendered mandatory by § 3583(g). Because revocation was mandatory, the court was not required to consider the § 3553(a) factors listed in § 3583(e), which the court usually considers in a revocation proceeding. See Brown, 224 F.3d at 1241.[1]  It is true that the district court noted that Williams's many violations of his supervised release conditions indicated a lack of respect towards his probation officer -- a statement that could be construed to mean that the district court considered § 3553(a)(2)(A) (the need to promote respect for the law), which is a factor that is not expressly listed as a permissible consideration in § 3583(e). Regardless, there is no precedent from the Supreme Court or this Court addressing whether the  consideration of § 3553(a)(2)(A) is impermissible under § 3583(e). Thus, even if it the district court erred in considering this factor -- a question we need not reach -- the error was not plain, and we reject this claim. See Lejarde-Rada, 319 F.3d at 1291.

As for substantive reasonableness, the district court's 30-month sentence -- 6 months above the high-end of the Guideline range -- met the requirements of § 3583(e)(3), and was substantively reasonable in light of the record and § 3553(a) factors. First, because revocation was mandatory, the court was not required to

---

[1]    As for Williams's challenge to the holding in Brown that exempts mandatory revocations from having to consider the § 3553(a) factors listed in § 3583(e), he raises it for the first time in his reply brief. Accordingly, he has abandoned that issue. Levy, 379 F.3d at 1244.

7

consider the § 3553(a) factors in imposing its sentence.  See Brown, 224 F.3d at 1241.  The only limitation upon the court was that the sentence not exceed the maximum term of imprisonment authorized under § 3583(e)(3).  18 U.S.C. § 3583(e)(3), (g).  Williams's 30-month sentence was below the statutory maximum penalty of five years' imprisonment after revocation of supervised release for possessing a firearm during and in relation to a drug trafficking offense, a class A felony.  See id. §§ 924(c)(1)(A)(i), 3559(a)(1), 3583(e)(3).

Moreover, even if the revocation and sentence were not controlled by §§ 3583(e)(3), (g), the district court did not abuse its discretion by imposing a 30-month sentence, which was above the 18-to-24-month Guideline range.  As the record reveals, Williams committed eight violations to the conditions of his supervised release between May and September 2016, including committing two new criminal offenses, after the court decided to not take action on approximately five violations taking place within the first three years of being placed on supervised release.  Then, while on pretrial release, Williams committed an additional three violations.  Thus, the district court explained, it was imposing a sentence above the Guideline range due to the number of violations committed by Williams and his risk of recidivism.  Those considerations are consistent with the § 3553(a) factors -- namely, the nature and circumstances of the offense and the need for the sentence to protect the public from further crimes of the defendant.  18

8

U.S.C. § 3553(a)(1), (a)(2)(C). Additionally, the court afforded special consideration to the need for the sentence to afford adequate deterrence. Id. § 3553(a)(2)(B). It was well within the court's discretion to give these factors more weight than the other § 3553(a) factors listed in § 3583. Snipes, 611 F.3d at 872. Similarly, it was within the court's discretion to give predominate weight to the need to afford deterrence than to the other factors considered. Id.

The district court's failure to mention whether it considered Williams's rehabilitative efforts, without more, does not render his sentence unreasonable. Id. at 873. As we've said, it was within the court's discretion to afford more weight to the nature and circumstances of the offense, deterrence, and the need to protect the public from future offenses by Williams, than to his rehabilitative efforts. Id. at 872. In addition, the sentence imposed -- 30 months' imprisonment -- was below the 5-year maximum authorized by 18 U.S.C. § 3583(e)(3), which is another indicator of reasonableness. Gonzalez, 550 F.3d at 1324. Thus, the district court provided sufficiently compelling reasons to support its sentence and the sentence was substantively reasonable.

Nor did the district court's statement about Williams's disrespect to the probation officer (which may have constituted a concern for the need for the sentence to promote respect for the law), even if it was an improper factor, render the sentence unreasonable. 18 U.S.C. § 3553(a)(2)(A). As the record shows, the

9

district court also considered the nature and circumstances of the offense, the need to protect the public from future crimes by Williams, and, most importantly, deterrence. Because the district court did not give significant weight to an improper factor, it did not abuse its discretion. Irey, 612 F.3d at 1189.

**AFFIRMED**.